NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>              Petitioner/Respondent,<br><br>   v.<br><br>GRILL CONCEPTS SERVICES, INC. DBA DAILY GRILL,<br><br>              Respondent/Petitioner. | Nos. 23-78, 23-361<br><br>31-CA-276950<br>National Labor Relations Board<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted February 6, 2024
San Francisco, California

Before: R. NELSON, FORREST, and SANCHEZ, Circuit Judges.

The National Labor Relation Board (the Board) petitions for enforcement of its order determining that Grill Concepts Services, Inc. (Grill Concepts) violated Sections 8(a)(5) and (1) of the National Labor Relations Act (the Act) by failing and refusing to bargain in good faith with UNITE HERE Local 11 (the Union). Grill Concepts cross-petitions for review of the Board's order. We have

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 29 U.S.C. § 160(e) and (f). We must affirm the Board's decision "if its findings of fact are supported by substantial evidence and it correctly applied the law." *Int'l All. of Theatrical Stage Emps., Loc. 15 v. NLRB*, 957 F.3d 1006, 1013 (9th Cir. 2020) (citation omitted). We grant the Board's petition for enforcement and deny Grill Concepts' cross-petition for review.

1.      The Board's complaint against Grill Concepts was timely under Section 10(b) of the Act because it alleged that Grill Concepts engaged in a course of bad faith conduct that persisted within the six-month period preceding the Union's charge, from November 2020 to May 2021. 29 U.S.C. § 160(b); *see Queen Mary Restaurants Corp. v. NLRB*, 560 F.2d 403, 407 n.2 (9th Cir. 1977) ("Events occurring outside the six-month 'statute of limitations' of [§] 10(b) of the Act may be considered as evidence shedding light on the conduct within the six-month period which is being challenged." (cleaned up)); *see also Sparks Nugget, Inc. v. NLRB*, 968 F.2d 991, 995 (9th Cir. 1992).

Grill Concepts' conduct during the Section 10(b) period, including its refusal to consider the Union's proposals at bargaining sessions in December 2020 and January 2021, or otherwise engage with the Union's repeated attempts to schedule other bargaining sessions, "in and of themselves . . . constitute, as a substantive

matter, unfair labor practices." *NLRB v. Hartman*, 774 F.2d 1376, 1382 (9th Cir. 1985) (citation omitted).[1]

2.    Substantial evidence supports the Board's finding that Grill Concepts violated Sections 8(a)(5) and (1) of the Act by failing and refusing to bargain with the Union in good faith. *See* 29 U.S.C. § 158(d) (The duty to bargain includes an obligation to "meet at reasonable times and confer in good faith with respect to wages, hours, and other terms and conditions of employment."). Substantial evidence supports the Board's finding that Grill Concepts failed to meet with the Union at reasonable times, ignored bargaining requests, delayed meetings, and only met for short intervals of time. *See e.g.*, *Sparks Nugget, Inc.*, 968 F.2d at 995 (an employer's unwillingness to schedule long or frequent meetings supports an inference of bad faith bargaining). Substantial evidence also supports the Board's finding that Grill Concepts engaged in surface bargaining by failing to consider the Union's proposals or present counterproposals, and by expressly refusing to negotiate during bargaining sessions in December 2020 and January 2021. *Id.* ("Surface bargaining is defined as going through the motions of negotiating without any real intent to reach an agreement." (quotation and citation omitted)).

---

[1] Although the Board considered evidence of bad faith conduct that preceded the statutory period, the Board limited Grill Concepts' liability to the Section 10(b) period. Grill Concepts does not challenge the Board's remedial orders on appeal.

3

Grill Concepts challenges the Board's determination that it failed to bargain in good faith when it faced an economic exigency caused by the COVID-19 pandemic and "could not enter into a longer-term contract with the Union under such circumstances." An economic exigency may support an employer's decision to take unilateral, "immediate" action compelled by an "extraordinary" and "unforeseen" emergency. *Seaport Printing & Ad Specialties, Inc.*, 351 NLRB 1269, 1269-70 (2007) (citation omitted). But this narrow exception does not excuse an employer's subsequent or ongoing failure to bargain regarding terms and conditions of employment. *See NLRB v. West Coast Casket Co., Inc.*, 469 F.2d 871, 875 (9th Cir. 1971) ("There is no duty to reach an agreement, but there is a duty to negotiate with a spirit of sincerity and cooperation.").

3.      Substantial evidence supports the Board's finding that Grill Concepts failed to establish that the Union lost majority support. To rebut the presumption that a union enjoys majority support of its bargaining unit, an employer must present "clear, cogent, and convincing evidence that the union was in the minority or that the employer had a good faith reasonable doubt of majority status." *Hotel, Motel & Rest. Emps. & Bartenders Union Loc. No. 19 v. NLRB*, 785 F.2d 796, 799 (9th Cir. 1986). Grill Concepts provided two affidavits from employees describing a decline in bargaining momentum during the pandemic. Neither affidavit demonstrates that members of the bargaining unit, much less a majority,

4

no longer supported the Union. The record plainly supports the Board's finding that Grill Concepts' proffered evidence "falls far short of the evidence required to establish an objective loss of majority support within the unit."

**PETITION FOR ENFORCEMENT GRANTED; CROSS-PETITION FOR REVIEW DENIED.**